ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **COOPERATIVA DE AHORRO Y CRÉDITO DE LARES** <br> DEMANDANTE(S)-APELADA(S) <br><br> V. <br><br> **BRYAN JAVIER RULLÁN DÍAZ** <br> DEMANDADA(S)-APELANTE(S) | **KLAN202500513** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **HATILLO** <br><br> Caso Núm. **CM2024CV00884 (101)** <br><br> Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.[1]

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 6 de noviembre de 2025.

Comparece ante este Tribunal de Apelaciones, el señor **BRYAN JAVIER RULLÁN DÍAZ** (señor **RULLÁN DÍAZ**) mediante *Apelación* interpuesta el 5 de junio de 2025. En su recurso, nos solicita que revoquemos la *Sentencia Parcial Desestimando Reconvención* decretada el 5 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Hatillo.[2] Mediante dicho dictamen, el foro *a quo* desestimó, con perjuicio, la *Reconvención* entablada por el señor **RULLÁN DÍAZ**; al amparo de la Regla 44.1 de las de Procedimiento Civil de 2009 impuso $300.00 en concepto de honorarios de abogados; concedió hasta el 31 de julio de 2025 para culminar el descubrimiento de prueba; y pautó audiencia sobre estado de los procedimientos para el 10 de septiembre de 2025.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre *Designación de Paneles en el Tribunal de Apelaciones*.

[2] Esta determinación judicial fue notificada y archivada en autos el 6 de mayo de 2025. Apéndice de la *Apelación*, págs. 2- 9.

Número Identificador:
SEN2025_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

## - I -

El 18 de diciembre de 2024, la COOPERATIVA DE AHORRO Y CRÉDITO DE LARES Y REGIÓN CENTRAL (COOPERATIVA) incoó una *Demanda* sobre cobro de dinero por la suma de $12,871.63 contra el señor RULLÁN DÍAZ.[3] En esa misma fecha, la COOPERATIVA presentó *Solicitud de Expedición de Emplazamientos* acompañada del **Formulario OAT 1721** (Rev. Agosto 2023).[4] Ese día, la Secretaría expidió el *Emplazamiento* dirigido al señor RULLÁN DÍAZ. El 23 de enero de 2025, la COOPERATIVA presentó escrito intitulado *Al Expediente Judicial (Re: Diligencia de Emplazamiento).*[5] Anexo copia del *Emplazamiento* diligenciado el 11 de enero de 2025.

Poco después, el 11 de febrero de 2025, el señor RULLÁN DÍAZ presentó su *Contestación a Demanda y Reconvención* conteniendo sus defensas afirmativas.[6] Arguyó que la COOPERATIVA no le notificó que entre los remedios que se podrían conceder se encontraban "la ubicación permanente de sus hijos fuera del hogar; el inicio de procesos para la privación de patria potestad, y cualquier otra medida en el mejor interés de sus hijos". El señor RULLÁN DÍAZ expresó ser padre de dos (2) hijos, y las acciones de la COOPERATIVA fueron coercitivas y le hicieron creer que la falta de pago de la deuda conllevaba la remoción de sus niños, así como la privación de patria potestad. Alegó, además, que la COOPERATIVA tenía un patrón de amenaza y coerción contra los deudores. Manifestó que sufrió daños y angustias

---

[3] Apéndice de la *Apelación*, págs. 10- 12.

[4] *Íd.,* págs. 13- 15. El Formulario OAT 1721 específicamente dispone: [...] Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente. **Además, se le apercibe que, en los casos al amparo de la Ley Núm. 57-2023, titulada Ley para la Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores, entre los remedios que el Tribunal podrá conceder se incluyen la ubicación permanente de un(una) menor fuera de su hogar, el inicio de procesos para la privación de patria potestad, y cualquier otra medida en el mejor interés del(de la) menor. (Artículo 33, incisos b y f de la Ley Núm. 57-2023). Se le advierte de su derecho a comparecer acompañado(a) de abogado(a) en los casos que proceda** [...].

[5] Apéndice de la *Apelación*, págs. 16- 19

[6] *Íd.,* págs. 20- 23.

mentales por la notificación y como consecuencia recibió y continúa recibiendo terapia psicológica. Por todo esto, el señor **RULLÁN DÍAZ** exigió el pago de $500,000.00 en concepto de daños y angustias mentales del mismo modo $500,000.00 por la conducta dolosa y gravemente temeraria de la **COOPERATIVA**.

El 7 de marzo de 2025, la **COOPERATIVA** presentó *Moción Solicitando Desestimación de Reconvención al Amparo de la Regla 10.2(5) de las de Procedimiento Civil*.[7] Ponderó que utilizó el *Emplazamiento*, Formulario OAT 1721, provisto por el Poder Judicial para los casos civiles; así como que la *Demanda* suplica el pago de la deuda y no hace alusión alguna a haber peticionado como remedio la remoción de custodia o privación de patria potestad. Concluyó que todas las alegaciones contenidas en la *Reconvención* son frívolas e infundadas. Por tanto, rogó la desestimación de la *Reconvención* y la suma de $2,500.00 por concepto de honorarios de abogado y gastos legales.

El 9 de marzo de 2025, el señor **RULLÁN DÍAZ** presentó *Moción en Oposición a la Desestimación*.[8] En esencia, razonó que el uso del Formulario OAT 1721 no justifica la inclusión de admoniciones irrelevantes en un caso sobre cobro de dinero. Replicó que la **COOPERATIVA** tenía que remover el aviso contenido en el formulario; dicho advertimiento podría causar confusión y temor indebido; por lo cual, "**cualquier acreedor prudente y diligente había eliminado esa advertencia del formulario OAT 1721 antes de presentarlo ante el tribunal**".[9]

Después, el 28 de abril de 2025, se celebró una *Vista Argumentativa* mediante videoconferencia.[10] Finalmente, el 5 de mayo de 2025, se emitieron la *Sentencia Parcial* apelada y una *Resolución Interlocutoria*.

---

[7] Apéndice de la *Apelación*, págs. 34- 52.
[8] *Íd.*, págs. 56- 64.
[9] *Íd.*, pág. 63.
[10] *Íd.*, págs. 66- 67.

En desacuerdo, el 5 de junio de 2025, el señor **RULLÁN DÍAZ** acudió ante este tribunal revisor mediante su *Apelación*. En su recurso, señala el(los) siguiente(s) error(es):

> **Erró el Tribunal de Primera Instancia al determinar que el uso del Formulario OAT 1721 exonera al acreedor de responsabilidad por los daños ocasionados al deudor, derivados de la inclusión de advertencias inapropiadas en un emplazamiento correspondiente a una acción de cobro de dinero.**
>
> **Erró el TPI al imponer la temeridad.**

El 6 de agosto de 2025, prescribimos *Resolución* en la cual, entre otras cosas, concedimos un plazo perentorio de treinta (30) días para presentar alegato en oposición. Luego de una prórroga, el 24 de julio de 2025, la **COOPERATIVA** presentó su *Alegato en Oposición a Apelación*.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la controversia planteada.

- II -

- A - *EMPLAZAMIENTO*

El *emplazamiento* es el mecanismo procesal mediante el cual se le notifica a la parte demandada sobre la existencia de una reclamación instada en su contra y el tribunal adquiere jurisdicción sobre su persona para resolver el asunto.[11] Dicho mecanismo procesal es parte esencial del *debido proceso de ley*, pues su propósito principal es notificar a la parte demandada de forma sucinta y sencilla que se ha presentado una acción en su contra, garantizándole la oportunidad de comparecer en el juicio, ser oído y presentar prueba a su favor.[12] Conforme a lo anterior, no es hasta que se diligencie el emplazamiento y se adquiera jurisdicción que la persona puede

---

[11] *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019).
[12] *Rivera Torres v. Díaz López*, 203 DPR 636 (2020); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017).

ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal.[13]

En consonancia, los requisitos del emplazamiento son de *cumplimiento estricto* y su adecuado diligenciamiento constituye un imperativo constitucional del *debido proceso de ley*.[14] La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho de la parte demandad a ser oído y notificado de cualquier reclamación en su contra.[15] A tales efectos, toda parte demandada tiene el derecho a ser emplazada "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley".[16] En virtud de lo cual, ante un emplazamiento defectuoso, el tribunal está impedido de actuar contra una persona y, si lo hace, la sentencia que recaiga será nula por falta de jurisdicción sobre la persona.[17]

En nuestro ordenamiento jurídico, los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están circunscritos por la Regla 4 de las de Procedimiento Civil de 2009 y su inobservancia priva al tribunal de su jurisdicción sobre la persona de la parte demandada.[18] En lo pertinente, la Regla 4.1 de dicho cuerpo legal preceptúa que una parte que interese demandar a otra, deberá presentar el formulario de emplazamiento conjuntamente con la *Demanda* para su expedición inmediata por la Secretaría del Tribunal.[19] Ahora bien, la Regla 4.2 de las de Procedimiento

---

[13] *Natal Albelo v. Romero Lugo y otros*, 206 DPR 465, 475 (2021); *Rivera Marrero* v. *Santiago Martínez, supra,* pág. 483.

[14] *Rivera Marrero v. Santiago Martínez, supra*, pág. 481- 486; *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000).

[15] R. Hernández Colón*, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257. Torres Zayas v. Montano Gómez, et als., supra, pág. 468.*

[16] *First Bank of P.R. v. Inmob. Nac., Inc*, 144 DPR 901, 916 (1998).

[17] *Rivera v. Jaume*, 157 DPR 562, 573-574 (2002).

[18] 32 LPRA Ap. V, R. 4. *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004).

[19] 32 LPRA Ap. V, R. 4.1.

Civil de 2009 instaura los requisitos de forma que debe contener un emplazamiento.[20]

## - B – *REGLA 10 DE LAS DE PROCEDIMIENTO CIVIL DE 2009*

La Regla 10.2 de las de Procedimiento Civil de 2009 instituye que las defensas de hecho o de derecho contra una reclamación deben presentarse antes de una alegación responsiva[21]. Una *moción de desestimación* bajo la precitada regla es aquella que presenta la parte demandada previo a contestar la *Demanda* solicitando que se desestime la causa de acción presentada en su contra.[22]

Dicha Regla implanta como fundamentos para la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; o (6) dejar de acumular una parte indispensable.[23] La *falta de jurisdicción* constituye "una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas".[24]

El estándar adjudicativo al evaluar una *moción de desestimación* exige que los tribunales tomen como ciertos "todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante".[25] La obligación de tomar como ciertos únicamente los hechos bien alegados de la *Demanda* supone excluir del análisis las conclusiones de derecho o las alegaciones redactadas de tal forma que su contenido resulte hipotético.[26]

---

[20] 32 LPRA Ap. V, R. 4.2.

[21] 32 LPRA Ap. V, R 10.2.

[22] Véase: R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, LexisNexis, (2017), págs. 305– 306.

[23] 32 LPRA Ap. V, R. 10.2. *Cobra Acquisitions v. Mun. de Yabucoa, et al.,* 210 DR 384, 396 (2022).

[24] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 539 (2019).

[25] *Blassino Alvarado v. Reyes Blassino*, 2024 TSPR 93, 214 DPR___.

[26] J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. JTS, 2011, T. II, págs. 529 (citado en *Asoc. Importadores de Cerveza v. E.L.A.,* 171 DPR 140, 149 (2007) (Rebollo López, opinión de conformidad)).

Como parte de este estándar adjudicativo, los tribunales están llamados a interpretar las alegaciones de la *Demanda* conjuntamente y de forma liberal a favor de la parte demandante, resolviendo toda duda a su favor y concediendo el beneficio de cuanta inferencia sea posible hacer de los hechos bien alegados en la *Demanda*.[27] Ante ello, los tribunales deberán evaluar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".[28] En otras palabras, debe determinar si, a base de esos hechos que aceptó como ciertos, la *Demanda* establece una reclamación plausible que justifique la concesión de un remedio. Así, si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la *Demanda*, pues no debe permitir que proceda una *Demanda* insuficiente bajo el pretexto de que se podrán probar las alegaciones con el descubrimiento de prueba.[29]

De esta forma, solo procederá una *moción de desestimación* cuando una *Demanda* carece de todo mérito, o la parte demandante no demuestre tener derecho a remedio alguno bajo cualesquiera hechos y estado de derecho que pudiera probar en un juicio.[30] Esto es, no "procede la desestimación, si la demanda es susceptible de ser enmendada".[31]

Debe tenerse presente que una *Demanda* solo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio".[32] La parte demandante no tiene que elaborar alegaciones minuciosas y jurídicamente perfectas, sino bosquejar a grandes rasgos su reclamación, mediante una exposición sucinta y sencilla de los hechos.[33]

---

[27] *González Méndez v. Acción Social et al.,* 196 DPR 213, 234 (2016).
[28] *Cruz Pérez v. Roldan Rodríguez et al.,* 206 DPR 261 267 (2021).
[29] Véase: R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, pág. 307.
[30] *Cruz Pérez v. Roldan Rodríguez et al., supra; Ortiz Matías et al. v. Mora Development,* 187 DPR 649 (2013).
[31] *Ortiz Matías et al. v. Mora Development, supra.*
[32] 32 LPRA Ap. V, R. 6.1.
[33] *Torres Torres v. Torres Serrano,* 179 DPR 481, 501 (2010).

### - C – *Regla 44.1 de las de Procedimiento Civil de 2009*

La Regla 44.1 (d) de las de Procedimiento Civil de 2009 especifica:

(d) Honorarios de Abogado - En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

Dicho eso, cuando una parte, o su representación legal, haya procedido de manera ***temeraria*** en la correcta tramitación de un pleito, el tribunal deberá imponerle, en la sentencia que emita, la obligación de satisfacer el pago de una suma por concepto de *honorarios de abogado*.[34] Acorde con la hermenéutica, **la *temeridad*** constituye aquel **patrón de conducta** que lleva a una de las partes a incurrir en los gastos de un litigio cuya controversia pudo haberse resuelto fuera de los tribunales.[35]

Por ende, una parte incurre en *temeridad* cuando está presente alguna de las siguientes circunstancias: (1) contestar una demanda y negar responsabilidad total; (2) defenderse injustificadamente de la acción en su contra; (3) creer que la cantidad reclamada es exagerada y tal sea el único motivo por el cual se opone a las alegaciones de la parte demandante, pudiendo limitar la controversia a la fijación de la correspondiente cuantía; (4) incurrir en un litigio del cual *prima facie* se desprende su responsabilidad y; (5) negar un hecho cuya veracidad conste.[36]

Así pues, una vez un tribunal con competencia concreta que se ha incurrido en *temeridad,* está llamado a imponer, a la parte que así haya actuado, el pago de cierta cantidad de dinero en concepto de *honorarios de abogado*.[37] El antedicho estatuto preceptúa en nuestro ordenamiento jurídico procesal la intención de "establecer una penalidad a un litigante perdidoso

---

[34] 32 LPRA Ap. V, R. 44.1 (d); *Torres Montalvo v. Gobernador ELA*, 194 DPR 760 (2016).
[35] *Blás v. Hosp. Guadalupe*, 146 DPR 267 (1998); *Torres Ortiz v. ELA*, 136 DPR 556 (1994); *Elba ABM v. UPR*, 125 DPR 294 (1990). (énfasis nuestro).
[36] *Blas v. Hosp. Guadalupe, supra*; *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713 (1987).
[37] *Torres Montalvo v. Gobernador ELA, supra*, pág. 779.

que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito."[38]

De este modo, **el juzgador tendrá que adjudicar el monto correspondiente al grado de temeridad desplegado por el actor**, **ello mediante el ejercicio de su sano juicio**.[39] Esto quiere decir que, la decisión que en su día emita sólo será objeto de revisión si ha mediado abuso de discreción en el ejercicio de su ministerio.[40] En ese contexto, la doctrina vigente reconoce que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable".[41]

- III -

El señor RULLÁN DÍAZ discute como **primer** señalamiento de error que el tribunal apelado incidió al determinar que el uso del Formulario OAT 1721 exonera a la COOPERATIVA de responsabilidad por los daños ocasionados por la inclusión de advertencias inapropiadas en el *Emplazamiento* en esta causa de acción sobre cobro de dinero. En su **segundo** señalamiento de error, el señor RULLÁN DÍAZ impugna la imposición de temeridad.

La COOPERATIVA aduce que el Formulario OAT 1721 es un documento estandarizado para todos los casos civiles, y su *Demanda* interpela como remedio el cobro de dinero y no contiene reclamación alguna al amparo de la Ley Núm. 57-2023 para la remoción de custodia o patria potestad de menores.

Por encontrarse intrínsecamente relacionados, discutiremos los errores señalados de forma conjunta.

---

[38] *Íd.*, pág. 778, citando a *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010); *Blás v. Hosp. Guadalupe*, *supra*, a la pág. 335.
[39] (énfasis nuestro).
[40] *Colón Santos v. Coop. Seg. Múlt. P.R.*, 173 DPR 170 (2008); *Blás v. Hosp. Guadalupe*, *supra*; *Fernández v. San Juan Cement Co.*, *supra*.
[41] *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

El 18 de diciembre de 2024, la **COOPERATIVA** encausó su *Demanda* sobre cobro de dinero, y presentó *Solicitud de Expedición de Emplazamientos* acompañado del *Emplazamiento* (Formulario OAT 1721) para su expedición. Dicha *Demanda* precisa que la deuda está garantizada con un pagaré y la misma está vencida, líquida y exigible. En esa fecha, se expidió el *Emplazamiento*. Más tarde, el 23 de enero de 2025, la **COOPERATIVA** presentó su escrito *Al Expediente Judicial (Re: Diligencia de Emplazamiento)* acompañado del *Emplazamiento* diligenciado el 11 de enero de 2025.

El 11 de febrero de 2025, el señor **RULLÁN DÍAZ** presentó su *Contestación a Demanda y Reconvención* desplegando, entre otras cosas que, "los actos de la Cooperativa son una coerción contra Bryan ya que le hicieron creer que si la falta de pago de la deuda conlleva remover sus hijos y quitarle la patria potestad. [...] sufrió daños y angustias mentales cuando fue notificado por la Cooperativa que le van a remover sus hijos como consecuencia de cobro de la deuda. [...] recibió terapia sicológica y continúa recibiendo la misma. [...] ".[42]

Es menester apuntalar que el Formulario OAT 1721 es un formato de *Emplazamiento* aprobado por el Poder Judicial. El mismo se utiliza para efectuar el(los) emplazamiento(s) en los casos de materias civiles. Es deber de los(as) abogados(as) preparar el formulario conforme a los parámetros establecidos en las Reglas de Procedimiento Civil de 2009. El Formulario OAT 1721 se encuentra disponible en *internet* en formato PDF y es, esencialmente, un llena blancos. Los(as) abogados(as) deben completar los espacios provistos con la información requerida para efectuar un emplazamiento conforme a derecho. Dichos espacios en blanco son la única parte del Formulario OAT 1721 que puede alterarse.

En este caso, el *Emplazamiento* fue debidamente cumplimentado con toda la información: (i) del caso (el epígrafe contiene el nombre del Tribunal;

---

[42] El 17 de octubre de 2023, la **COOPERATIVA** tramitó una *Demanda* sobre cobro de dinero por la deuda en controversia en este caso; y el 21 de diciembre de 2023, se dictó *Sentencia* paralizando por la radicación de una Petición de quiebras por el señor **RULLÁN DÍAZ**.

nombre de las partes; número del caso; y asunto o materia); (ii) del señor **Rullán Díaz** (nombre y su dirección física); y (iii) del(de la) abogado(a) que ostenta la representación legal de la parte demandante: **Cooperativa** (nombre; número de RUA; dirección postal; número de teléfono; y correo electrónico) así como el plazo dentro del cual las Reglas de Procedimiento Civil de 2009 exigen que comparezca y el apercibimiento que de no hacerlo se podrá dictar *Sentencia* en rebeldía en su contra. Discernimos que, el *Emplazamiento* expedido el 18 de diciembre de 2024 cumplió con su propósito de notificar e informar al señor **Rullán Díaz** sobre la causa de acción en su contra (cobro de dinero) y el término para acudir ante el tribunal; por lo que, fue debidamente emplazado conforme a derecho.

Argüir que la **Cooperativa** incurrió en coerción, patrón de amenaza, o conducta dolosa por no alterar, modificar o adecuar el Formulario OAT 1721 para eliminar la información concerniente al apercibimiento de los casos bajo la Ley Núm. 57-2023 resulta improcedente como cuestión de derecho. No nos convence la posición del señor **Rullán Díaz** de que cualquier acreedor prudente y diligente habría ***eliminado*** lo relativo a la Ley Núm. 57-2023 en el Formulario OAT 1721. Por consiguiente, **no** se incidió en el primer señalamiento de error.

Luego de un análisis minucioso, concebimos que la *Reconvención* del señor **Rullán Díaz** es completamente inmeritoria y su proceder *temerario*. Reitera su contención de haber sufrido daños y perjuicios a raíz de una reclamación sobre *cobro de dinero* aun cuando admite en su *Contestación a Demanda y Reconvención* haber obtenido un préstamo de la **Cooperativa**, así como se le requirió el pago de la deuda u obligación tanto en el 2023 como 2024. Ello nos muestra una *conducta* con la intención de obstinar el procedimiento de la **Cooperativa** que procura cobrar el pasivo. Es decir, apreciamos que ha habido terquedad, obstinación, y contumacia por parte del señor **Rullán Díaz**. Ante este patrón, que nos refleja *temeridad*, concluimos que **no** se incurrió en el segundo señalamiento de error.

## - IV -

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia Parcial Desestimando Reconvención* intimada el 5 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Hatillo.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones